**SO ORDERED.**

**SIGNED this 18 day of August, 2020.**



_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-002010-5-SWH |
| SOUTHERN PRODUCE DISTRIBUTORS, INC.<br>    Debtor. | CHAPTER 11 |
| | |
| SOUTHERN PRODUCE DISTRIBUTORS, INC.<br>    Plaintiff | ADVERSARY PROCEEDING NO. 19-00076-5-SWH |
| v. | |
| MICHAEL GODWIN & SON, LLC<br>    Defendant. | |

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

The matter before the court is the Motion for Summary Judgment filed by the plaintiff on February 10, 2020, Dkt. 17. The defendant filed a Response on March 2, 2020, Dkt. 18. The plaintiff filed a Supplement to Record in Support of Motion for Summary Judgment on April 1, 2020, Dkt. 21. A hearing was held on May 13, 2020 by video conference. For the reasons explained below, the court will grant the plaintiff's Motion for Summary Judgment.

## BACKGROUND

Southern Produce Distributors, Inc. (the "debtor" or "plaintiff") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 20, 2018. This adversary proceeding was commenced by the debtor on May 9, 2019 seeking a judgment against Michael Godwin & Son, LLC (the "defendant") for breach of contract, action on account, and unjust enrichment. The plaintiff alleges that it provided labor and farming-related services to the defendant between July 2018 and September 2018 for which the defendant never paid the plaintiff. In support of the Motion for Summary Judgment, the plaintiff asserts that no genuine issues of material fact exist that preclude judgment in its favor. The plaintiff relies upon (1) the affidavit of Randy Swartz, (2) invoices and supporting documentation, and (3) the pleadings, responses to interrogatories, and documents produced in discovery.

In opposition to the Motion for Summary Judgment, the defendant contends that a genuine issue of material fact exists as to whether or not the alleged labor and services were ever performed. The defendant's sole evidence in response to the motion is a two-page affidavit of Michael Godwin, the president and owner of the defendant. In his affidavit, Mr. Godwin denies that "any labor or services were provided to [his] company by Plaintiff anytime after July 29, 2018," states that he "did not request labor or services after [July 29, 2018]," and denies that he owes "any amount of money to Plaintiff for the alleged labor and services that they claim were provided to [him] between July 30, 2018 and September 8, 2018." The defendant argues that it has no other evidence to submit to the court because the alleged services did not occur.

## DISCUSSION

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2019); Fed. R. Bankr. P. 7056 (2019). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the portions of the record which show an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, Rule 56 does not require a moving party to support its motion with affidavits or other materials negating the nonmoving party's claim. *Id.* On summary judgment, inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once a sufficient showing has been made by the moving party, the nonmoving party must go beyond the pleadings and identify specific facts showing a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Prior to 2010, Rule 56 explicitly stated that

> "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on the allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

Fed. R. Civ. P. 56(e)(2) (2009). Although Rule 56 no longer contains that exact language, it is still the law that a nonmoving party cannot merely rely on allegations or denials in its own pleadings. 10 Collier on Bankruptcy ¶ 7056.05, n.1 (16th ed. 2020); Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment ("The standard for granting summary judgment remains unchanged. . . . The amendments will not affect continuing development of the decisional law construing and

3

applying these phrases."). A party must support is assertion that "a fact cannot be or is genuinely disputed" by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1) (2019).

A nonmoving party cannot defeat a properly supported motion for summary judgment by simply replacing conclusory allegations of the pleadings with conclusory allegations of an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). "To hold otherwise would render motions for summary judgment a nullity." *Turner v. Godwin*, No. 1:15cv770, 2018 WL 284978, at *3, 2018 U.S. Dist. LEXIS 1442, at *10 (E.D. Va. Jan. 3, 2018) (quoting *Campbell-El v. Dist. of Columbia*, 874 F. Supp. 403, 406-07 (D.C. 1994)). The Fourth Circuit has recognized that "[u]nsupported speculation is not sufficient to defeat a summary judgment motion." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Ash v. United Parcel Service*, 800 F.2d 409, 411-12 (4th Cir. 1986)).

If a nonmoving party shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer considering the motion, deny the motion, allow additional time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d); *Anderson*, 477 U.S. at 250 n.5. Rule 56 further provides that

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp.*, 477 at 323-24. The court's function at the summary judgment stage is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The correct inquiry is whether "the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." *Id.* at 255. "[S]ummary judgment should be granted where the evidence is such that it 'would require a directed verdict for the moving party.'" *Id.* at 251 (quoting *Sator v. Arkansas Gas Corp.*, 321 U.S. 620, 624 (1944)). Although helpful to a reviewing court, there is no requirement that a trial judge make findings of fact. *Id.* at 250.

First, this court must determine if the moving party, the plaintiff here, has met its burden of showing that no genuine dispute as to any material fact exists and that it is entitled to judgment as a matter of law. The plaintiff's affidavit shows that (1) Randy Swartz, the affiant, is the proper custodian of the books and records of the plaintiff; (2) the plaintiff and the defendant had an agreement under which the plaintiff would provide labor and farming services to the defendant at an hourly rate of $11.46 in exchange for the defendant's payment to the plaintiff for such services; (3) the plaintiff provided services to the defendant pursuant to the agreement; (4) the invoices attached to the affidavit are regularly kept business records of the plaintiff; (5) the invoices were

5

delivered to the defendant; and (6) the defendant never paid for the services billed on Invoices 20180805, 20180812, 20180819, and 20180909. The plaintiff's affidavit provides a prima facie case for breach of contract.

Having concluded that the plaintiff has met its burden of providing a prima facie case, the burden shifts to the nonmoving party to a show that there is a genuine issue for trial. The defendant submitted a two-page affidavit of Mr. Godwin, the president and owner of the defendant, in response to the motion for summary judgment. In his affidavit, Mr. Godwin denies that "any labor or services were provided to [his] company by Plaintiff anytime after July 29, 2018," states that he "did not request labor or services after [July 29, 2018]," and denies that he owes "any amount of money to Plaintiff for the alleged labor and services that they claim were provided to [him] between July 30, 2018 and September 8, 2018." The affidavit does no more than deny the allegations made in the complaint.

Of importance, the Godwin affidavit does not deny receipt of the plaintiff's invoices or set out any attempts by the defendant to dispute the invoices prior to initiation of the adversary proceeding. Furthermore, there is no affidavit or other evidence that a foreman or other defendant employee was present in the fields on the dates set out in the invoices to dispute the provision of labor by the plaintiff. If the plaintiff was not providing labor to defendant's fields, who was? What was the status of the crops in those fields? The defendant is in the best position to supply this information to the court but failed to do so. Any of that information could have created a genuine issue of material fact requiring a trial to resolve the factual disputes.

The defendant also argued that the plaintiff failed to produce any information, such as the contact information for the individuals who performed the services, that would allow the defendant to refute the invoices generated by the plaintiff. Discovery was to end in this adversary proceeding

6

on January 7, 2020. The defendant did not produce any unanswered discovery in defense of the summary judgment motion. The defendant did not request to engage in additional discovery or "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). As set out above, the defendant could have provided additional information, such as an affidavit of a foreman or other employee of the defendant present in the fields during the time in question. Due to the nature of farm work labor, the court does not find it unusual that the plaintiff would not be able to provide addresses or other contact information for those workers.

Viewing the evidence in the best light for the defendant nonmoving party, the court finds that the defendant has failed to show that a genuine dispute for trial exists as required by Rule 56(c). Furthermore, the defendant has failed to ask for additional discovery and has failed to show that additional discovery would uncover a genuine dispute for trial.

Therefore, it is ORDERED that the plaintiff's Motion for Summary Judgment is hereby GRANTED.

**END OF DOCUMENT**